## In re Manayunk Trust Company

*William W. McKim*, for petitioner.
*Francis S. Cantrell, Jr.*, and *Ruby R. Vale*, for respondents.

LAMBERTON, J., June 23, 1932.—On October 13, 1931, the secretary of banking took possession of the business of Manayunk Trust Company under section twenty-one of the Act of June 15, 1923, P. L. 809, known as The Banking Act of 1923. The business was discontinued and the secretary of banking proceeded to liquidate the same.

Prior to suspension of its business, Manayunk Trust Company had been trustee in various matters in which trust funds came into its hands. It devised an artful, if somewhat questionable, method of investing a portion of these funds as follows: Manayunk Trust Company, as trustee, paid over to Manayunk Trust Company portions of these trust funds, whereupon Manayunk Trust Company issued to Manayunk Trust Company, as trustee, papers known as "Mortgage Certificates of Manayunk Trust Company" in the following form:

"MORTGAGE CERTIFICATE

OF

MANAYUNK TRUST COMPANY

4340 Main St., Manayunk, Philadelphia

$............    Not Transferable    Series No. .........

"THIS CERTIFIES that Manayunk Trust Company .......... for ..........
has deposited with Manayunk Trust Company, $........ payable on demand,
with interest thereon, at the rate of ...... per centum per annum, payable
semi-annually on the first day of January and July, until paid.

"As security for the payment of this and other similar outstanding certificates of this series No. ...... (not exceeding in the aggregate the sum of
$..........), Manayunk Trust Company has set apart and holds in trust the

20

certain Bonds and Mortgages for the amount of $.......... described by indorsement hereon, with all the rights and remedies incident thereto.

"WITNESS the corporate seal of Manayunk Trust Company duly attested this .... day of .........., 19.....

"Registered ............                        ......................

                            Attest:                        President

......................                        ......................

          Trust Officer                        Secretary."

with the blanks suitably filled in to fit the individual case.

The endorsement on the back of the certificate was as follows:

"CERTAIN
BONDS AND MORTGAGES
Referred to Within
are fully described and registered in Registry Book (Series ..........)
of
MANAYUNK TRUST COMPANY
on pages ...... to ......

The within Mortgage Certificate is this day paid in full with interest to date."

Such certificates aggregating $289,375, or thereabouts, were issued, practically all to Manayunk Trust Company as trustee for various trusts, and the Manayunk Trust Company took mortgages in approximately the same sum which were earmarked as security for said mortgage certificates and were taken in the name of "Manayunk Trust Company, Trustee for sundry trusts." No specific mortgage was earmarked as security for any specific mortgage certificate, but all of said mortgages were security for all of said certificates.

The secretary of banking, proceeding under section forty of The Banking Act of 1923, has filed a petition, averring that Manayunk Trust Company is a trustee in regard to said mortgages, holding the same for the benefit of the mortgage certificate holders, and asking for the appointment of a substituted trustee.

Substituted trustees have been appointed under section forty of The Banking Act of 1923 to succeed Manayunk Trust Company in the administration of the various trusts, the funds of which were invested in these mortgage certificates. Two of these substituted trustees have filed an answer, admitting in substance all of the relevant facts, but averring that the relation created by the issuance of the mortgage certificates is not that of trustee and cestui que trust, but is that of banker and depositor, and contending that under these conditions no substituted trustee should be appointed.

We are of the opinion that the relation created by the mortgage certificates is not such as to warrant the appointment of a substituted trustee. The case of Cameron v. Carnegie Trust Co., 292 Pa. 114, is authority to the effect that section forty of The Banking Act of 1923 refers only to technical and continuing trusts. The wording of the mortgage certificates is inconsistent with the existence of such a trust. The mortgage certificates create an absolute obligation on the part of Manayunk Trust Company to pay on demand, regardless of when the mortgages are actually paid off or whether or not they are ever paid. There is also an absolute obligation on the part of Manayunk Trust Company to pay interest on certain specified dates, regardless of whether or not the interest is paid on the mortgages on said dates or whether it is ever paid. The relation is, therefore, not that of trustee and cestui que trust, unless it be under a trust ex maleficio. Judge Finletter, in the case of Cameron v. Bankers Trust Co., 14 D. & C. 715, held that section forty of The

Banking Act of 1923 did not apply to trusts ex maleficio, and with this conclusion we are in entire agreement. There is no authority in The Banking Act of 1923 for the appointment of a substituted trustee under the circumstances here present. It is, therefore, the duty of the secretary of banking to liquidate said mortgages as he does other assets of Manayunk Trust Company.

We cannot, at this time, determine whether the relation is that of banker and depositor, secured creditor and debtor, trustee and cestui que trust under a trust ex maleficio, or any other relationship which the ingenuity of counsel may devise.

Judge Finletter in the Bankers Trust Company case decided that claims could not be allowed or the nature of claims determined until the secretary of banking had filed an account and the matter was before the court on exceptions thereto. No other conclusion would be possible under the wording of The Banking Act of 1923. It is obvious that if the mortgage certificate holders are depositors, the funds for distribution to other depositors will be reduced. Those other depositors, therefore, have a vital interest in this determination. They are not now before us. They have a right to be heard on this matter, and such right is protected and provided for in the Act of 1923. Judge Finletter said:

"We cannot, therefore, pass upon the merits of the claims of the petitioners in these cases because the persons who would be affected by our judgment are not parties to the proceeding and have had no opportunity to be heard.

"The argument that the secretary, as receiver, represents them is not sound. He does not represent any particular creditor. He represents the whole fund. His duty is to collect, conserve and administer, not to distribute."

This conclusion is supported by the decision of the Supreme Court of Pennsylvania in the case of Cameron v. Carnegie Trust Company, supra, in which it was said:

"It may be well to state that the proper procedure on questions affecting a distribution of the funds collected by the secretary is to present a claim when his account has been filed and is before the court, at which time all the distributees can be heard and from the decree which follows they alone have the right to appeal."

This applies to every matter which the certificate holders are now asking us to determine, except as to whether a substituted trustee should be appointed. That question, and that question only, we are deciding.

Counsel for the certificate holders argue that dividends may be paid to depositors prior to the filing of the account, and if the status of the certificate holders is not now determined, it may be that when the account is filed there will be no funds to pay them if they are then determined to be depositors. This situation will not arise if the fund is rightly handled by the secretary of banking, as we have no doubt it will be. It is unquestionably the duty of the secretary of banking, upon the payment of any partial dividend to admitted depositors, to set aside in a reserve a fund sufficient to pay a similar dividend to all other persons claiming to have that status. This reserve can then be used, after the filing of the account, to pay such claimants, if they are determined to be depositors, or can be distributed in the form of a further dividend to other depositors in case such persons are then determined not to have that status.

In view of the claims of the holders of mortgage certificates of which the secretary of banking has notice, we have no doubt that the secretary of banking will carefully segregate the receipts and expenses incident to the liquidation of the mortgages which were security for the mortgage certificates. The

amount of the fund realized therefrom will then be readily ascertainable and will be applied as the court may direct after the filing of the account.

We are given to understand that the secretary of banking is in possession of a piece of real estate purchased as the result of the foreclosure of one of the mortgages securing said mortgage certificates and that the secretary of banking claims this real estate is part of the general assets of Manayunk Trust Company, whereas, mortgage certificate holders claim it is part of the security to which they are entitled. Here, too, we have no doubt that the secretary of banking will carefully segregate the receipts and expenses incident to said property, so that the amount of the fund will be readily ascertainable when the status thereof is determined upon the filing of the account.

And now, to wit, June 23, 1932, the prayer of the petition is refused.